## WING *v.* MAYOR AND COUNCIL OF MACON.

BECK, J. 1. Where a street in a city is about 180 feet broad, and the municipal authorities cause a portion of such street longitudinally along its center, about 60 feet in width, to be elevated, and in pursuance of charter power cause the elevated part of the street to be paved, curbed, and laid with sidewalks, owners of land abutting on the original street are subject to the provisions of the charter authorizing the city to make the stated improvement on the street and to assess a certain percentage of the cost thereof against the owners.

2. The fact that upon each side of the elevation or embankment made longitudinally along the center of the street is a strip of land which is a part of the original street, and which is not paved, does not divest the abutting owner of his character as such. For if such strip is actually abandoned as a part of the street, it becomes presumptively the property of the abutting owner; and if it is merely temporarily abandoned as a street, the abutting owner does not cease to be such relatively to that part of the street which is improved.

3. Where, in an affidavit of illegality filed in resistance to the collection of an execution issued against an alleged abutting owner, to compel the payment of his proportionate share of the expense of laying sidewalks, paving, and curbing, it is alleged that the amount assessed against him is so great that it amounts to a confiscation of his property, this ground of the affidavit is without merit in the absence of some statement showing the value of the property against which the assessment was made, so that the court may compare the amount of the assessment with the value of the property taxed.

4. The court did not err in dismissing the affidavit of illegality upon demurrer.     *Judgment affirmed. All the Justices concur.*
September 18, 1914.

Affidavit of illegality of execution.   Before Judge Mathews. Bibb superior court.   July 22, 1913.

*John P. Ross* and *Wallace Miller,* for plaintiff in error.
*Andrew W. Lane* and *Walter Defore,* contra.